**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

DONNELL PARKER, et al.,                        :
                                                               :
                     Plaintiffs,                  :          Civ. No. 14-1741 (RBK) (AMD)
                                                               :
        v.                                               :          **OPINION**
                                                               :
ROBERT MORAN, P.D., et al.,              :
                                                               :
                     Defendants.                :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.        INTRODUCTION

        Plaintiffs, Donnell Parker and Allen Moore, are incarcerated at the Atlantic County

Justice Facility in Mays Landing, New Jersey.  They are proceeding _pro se_ with a civil rights

complaint filed pursuant to 42 U.S.C. § 1983.  The plaintiffs have not paid the filing fee and only

Moore as submitted an application to proceed _in forma pauperis_.

## II.        MULTIPLE PLAINTIFFS

        Before screening the complaint, the Court must address a procedural issue associated

with this case.  Federal Rule of Civil Procedure 20 governs the permissible joinder of plaintiffs

and states in relevant part:

> (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
>         (A) they assert any right to relief jointly, severally,
>         or in the alternative with respect to or arising out of
>         the same transaction, occurrence, or series of
>         transactions or occurrences; and
>         (B) any question of law or fact common to all
>         plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).  Joinder under Rule 20 is discretionary and when the Court exercises

that discretion, it "must provide a reasoned analysis that comports with the requirement of the

1

Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

In this case, only one plaintiff, Moore, has submitted an application to proceed *in forma pauperis*. Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status. *See Hagan v. Rogers*, 570 F.3d at 150; *Miller v. New Jersey*, No. 13-2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400.00 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf. *See Hagan*, 570 F.3d at 154-55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350.00[1] filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduce the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See id.* at 155-56.

In this case, only Moore submitted an application to proceed *in forma pauperis*.[2] The other plaintiff, Parker, may not have known about the filing fee requirement. Thus, plaintiff Parker will be administratively terminated from this action and the Court will screen the complaint as it relates to Moore only.

Moore's application to proceed *in forma pauperis* will be granted based on the information provided therein.[3] Accordingly, at this time, the complaint will be screened

---

[1] A prisoner-plaintiff who is pursuing his case *in forma pauperis* does not owe the $50.00 administrative fee that he would owe if he pre-paid the filing fee.

[2] Moore was also the only person to sign the complaint.

[3] Parker can either (1) move to join this action, complying with the rules applicable to joinder of claims and parties, including the filing fee and/or application to proceed *in forma pauperis*, or (2) file new and separate action asserting his own individual claims.

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed without prejudice.

## III.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Moore names as defendants the following in the complaint:  (1) Robert Moran – Public Defender; (2) Eric Shankus – Public Defender; (3) Dean Ruff – Bail Unit Supervisor; (4) Warden Cohen; (5) Judge Kyran Connor; (6) John, Terry & Yvonne – Social Workers; and (7) Prosecutor James McClain.

Moore states that he is presently incarcerated at the Atlantic County Jail on a charge in which he is innocent.  He claims that another co-defendant has stated in fact that he is the only one guilty of the charge.  Plaintiff also indicates that he has moved to represent himself in his ongoing state proceedings.

Moore claims that his First Amendment right of access to the courts has been violated because there is no law library at the Atlantic County Jail.  By not having the proper materials available at the prison, Moore claims that no *pro se* litigant can adequately defend himself against state charges.  Furthermore, he claims that the defendants have failed to respond to his requests and motions.  This has also purportedly violated his right to have access to the courts.

## IV.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[4], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[4] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States, and second, that the alleged deprivation

was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp.*

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487

U.S. 42, 48 (1988).

## V.    DISCUSSION

Moore argues that his First and Fourteenth Amendment rights were violated by being

denied access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a

right of access to the courts."  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis*

*v. Casey*, 518 U.S. 343, 346 (1996)).  "Where prisoners assert that defendants' actions have

inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an

'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying

claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost

claim other than in the present denial of access suit."  *Id.* (citing *Christopher v. Harbury*, 536

U.S. 403, 415 (2002)).  Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"  *Id.* at 205-06 (citing *Christopher*, 536 U.S. at 416-17) (footnote omitted).

In this case, Moore has failed to state an access to courts claim.  Moore's allegations do not state the remedy he has lost by the Atlantic County Jail not having a law library, nor the fact that some of his motions/requests have not been responded to.  Indeed, it appears based on Moore's allegations that his criminal proceedings are ongoing as he only states that he is currently being detained at the Atlantic County Jail on "charges," not any conviction.  Thus, presumably, Moore has the ability in his ongoing criminal proceedings to raise his innocence arguments.  Therefore, Moore has failed to state a denial of access to courts claim with facial plausibility such that the complaint will be dismissed.

## VI.    CONCLUSION

For the foregoing reasons, Parker will be administratively terminated as a plaintiff in this action.  Furthermore, the complaint will be dismissed without prejudice.  Because it is possible that Moore may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted above, he will be given leave to amend the complaint if he elects to do so.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate order will be entered.


DATED:   October 1, 2014

                                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge

6